```
                                    F I L E D
                          CLERK, U.S. DISTRICT COURT

                             JAN 16 2025

                          CENTRAL DISTRICT OF CALIFORNIA
                          BY: _____rsm_____ DEPUTY
```

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>            Plaintiff,<br><br>            v.<br><br>MELVIN RAMON WASHINGTON,<br><br>            Defendant. | No. **2:25-CR-00038-JAK**<br><br>I N F O R M A T I O N<br><br>[18 U.S.C. § 1001(a)(2): Making False Statements] |

The United States Attorney charges:

[18 U.S.C. § 1001(a)(2)]

A.   THE FEDERAL INVESTIGATION

At times relevant to this Information:

1.   Defendant MELVIN RAMON WASHINGTON was employed by Los Angeles County Sheriff's Department ("LASD") as a law enforcement technician.

2.   Starting in approximately January 2020, the Drug Enforcement Administration ("DEA") began a criminal investigation into allegations that Marcus Michael Takaya Poydras ("Poydras") supplied pills marketed as oxycodone, but which actually contained fentanyl, to a third party who sold some of those pills to victim J.H., who later died after ingesting some of those pills.  As part of

that investigation, in July 2020, DEA lawfully seized drugs and a firearm from Poydras's residence, namely, a silver Interarms, Model .38 Special caliber revolver, bearing an obliterated serial (the "Silver Revolver"), and his cellphone, on which DEA later discovered text messages with defendant WASHINGTON regarding drugs, firearms, firearm parts, ammunition, and potential law enforcement database checks.

3.    Starting in approximately August 2020, the Federal Bureau of Investigation ("FBI") began a criminal investigation into allegations that defendant WASHINGTON solicited and accepted bribes in the form of drugs or tattoos from Poydras in exchange for defendant WASHINGTON providing Poydras with firearms, firearm parts, ammunition, and/or services, including searches of law enforcement databases.

4.    On or about September 3, 2021, in United States v. Poydras, 2:21-CR-00417-DSF, the grand jury returned a five-count indictment against Poydras, charging him with Distribution of Fentanyl Resulting in Death, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); Possession with Intent to Distribute Cocaine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C); Possession of a Firearm in Furtherance of a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); Carrying a Firearm During and in Relation to a Drug Trafficking Crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i); and Criminal Forfeiture, in violation of 21 U.S.C. § 853, 18 U.S.C. § 924, 28 U.S.C. § 2461(c).  Count Three of that indictment charged Poydras with possessing the Silver Revolver in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A)(i).

2

5.  On March 24, 2022, FBI special agents interviewed defendant WASHINGTON about allegations that he had solicited and accepted bribes in the form of drugs or tattoos from Poydras in exchange for defendant WASHINGTON providing Poydras with firearms, firearm parts, ammunition, and/or services, including searches of law enforcement databases.  The special agents advised defendant WASHINGTON that lying to federal agents was a crime.  Nonetheless, defendant WASHINGTON falsely told the FBI that he had never provided Poydras with any firearms or firearm parts, when as defendant WASHINGTON then knew, he had provided Poydras with the Silver Revolver on a prior occasion.

6.  On May 23, 2022, FBI special agents interviewed defendant WASHINGTON about allegations that he had solicited and accepted bribes in the form of drugs or tattoos from Poydras in exchange for defendant WASHINGTON providing Poydras with firearms, firearm parts, ammunition, and/or services, including searches of law enforcement databases.  The special agents advised defendant WASHINGTON that lying to federal agents was a crime.  Again, defendant WASHINGTON falsely told the FBI that he had never provided Poydras with any firearms or firearm parts, when as defendant WASHINGTON then knew, he had provided Poydras with the Silver Revolver on a prior occasion.

B.   FALSE STATEMENTS IN MARCH 24, 2022 FBI INTERVIEW

7.  On or about March 24, 2022, in Los Angeles County, within the Central District of California, in a matter within the jurisdiction of the executive branch of the government of the United States, namely, the FBI, defendant WASHINGTON knowingly and willfully made materially false, fictitious, and fraudulent statements and representations to the FBI knowing that such statements and

3

representations were untrue.  Specifically, on multiple occasions, defendant WASHINGTON falsely stated that he never provided Poydras with any firearms or firearm parts.  In fact, as defendant WASHINGTON then knew, defendant had provided Poydras with the Silver Revolver on a prior occasion.

C.    FALSE STATEMENTS IN MAY 23, 2022 FBI INTERVIEW

      8.    On or about May 23, 2022, in Los Angeles County, within the Central District of California, in a matter within the jurisdiction of the executive branch of the government of the United States, namely, the FBI, defendant WASHINGTON knowingly and willfully made the following materially false, fictitious, and fraudulent statements and representations to the FBI knowing that such statements and representations were untrue.  Specifically, on multiple occasions,

//

//

defendant WASHINGTON falsely stated that he never provided Poydras with any firearms or firearm parts.  In fact, as defendant WASHINGTON then knew, defendant had provided Poydras with the Silver Revolver on a prior occasion.

E. MARTIN ESTRADA
United States Attorney

*Lindsey Greer Dotson*

LINDSEY GREER DOTSON
Assistant United States Attorney
Chief, Criminal Division

J. MARK CHILDS
Assistant United States Attorney
Chief, International Narcotics,
Money Laundering, & Racketeering
Section

JEHAN PERNAS
Assistant United States Attorney
Deputy Chief, International
Narcotics, Money Laundering, &
Racketeering Section

PATRICK CASTAÑEDA
Assistant United States Attorney
International Narcotics, Money
Laundering, & Racketeering Section